IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEORGE R. POUNDS, 1151730, )<br>       Petitioner, )<br>)<br>v. )<br>)<br>NATHANIEL QUARTERMAN, )<br>Director TDCJ-CID, )<br>       Respondent. ) | No. 3:08-CV-416-K<br>ECF |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

Petitioner has filed a motion seeking an extension of time to file a federal habeas petition. He requests an extension of the one-year statute of limitations under 28 U.S.C. § 2254(d) for filing a habeas petition.

Petitioner's motion for extension of time does not present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*); *see also*, *United States v. Callahan*, 2003 WL 21554914 (5th Cir. 2003) ("'a federal court lacks jurisdiction to consider the timeliness of a §2255 [motion] until a [motion] is actually filed.'" (quoting *United States v. Leon*, 203 F.3d 162 (2d Cir. 2000)).

Petitioner is requesting an advisory opinion. The motion for extension of time in essence asks the Court to determine in advance how much time, if any, remains on the one-year statute of limitations, and whether the petition will be timely or time-barred if it is filed at some unspecified date in the future. The Court cannot grant the relief Petitioner requests without offending the Constitution's case or controversy requirement.[1] The motion should therefore be dismissed.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's motion for extension of time to file a federal habeas corpus petition be dismissed for want of jurisdiction.

Signed this 19th day of March, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court cannot interpret Petitioner's motion as commencing a habeas corpus action. Rule 2(a) and (c) of the Rules Governing Section 2254 Cases provides that an application for writ of habeas corpus shall be in the form of a petition, which specifies each ground for relief that is available to the Petitioner and the factual basis for each ground for relief. Petitioner's motion only requests additional time to file a federal habeas petition and, thus, cannot be construed as the petition itself.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on Petitioner. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).